UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID DALE, ESQ.,                                          01-CV-0369E(Sr)

        Plaintiff-Intervenor,

    -vs-

ERIE COUNTY EXECUTIVE JOEL A. GIAMBRA,          MEMORANDUM
ERIE COUNTY BOARD OF ELECTIONS,
   Laurence F. Adamczyk, Commissioner,                    and
   Ralph M. Mohr, Commissioner,
ERIE COUNTY CLERK DAVID J. SWARTS and              ORDER[1]
THE ERIE COUNTY LEGISLATURE,

        Defendants.

_____

      Alan Korman commenced this action on May 22, 2001 in New York Supreme Court, County of Erie, and defendants Erie County Executive, Board of Elections, Clerk and Legislature removed this action to this Court on May 24, 2001.  Korman initially sought (1) a declaration that the apportionment scheme then in place for the Erie County Legislature — which was based on the 1990 census — violated the United States Constitution, (2) an injunction barring petitions and elections until a new apportionment scheme is adopted that conformed with the 2000 census and (3) an order forcing Erie County to adopt a new redistricting plan in conformity with the 2000 census.  On August 8, 2001, the undersigned issued an Interim Order imposing weighted voting for the 2001 election so that the vote of

_____

    [1]This decision may be cited in whole or in any part.

each legislator would correspond to the number of citizens in the district.  On February 28, 2002, the Erie County Legislature passed a redistricting plan, Local Law Intro. No. 2-2002 ("LL 2-2002"), and such was approved and signed by the Erie County Executive on March 14, 2002.  LL 2-2002 reduced the number of legislative districts from seventeen to fifteen and thus was subject to and contingent upon approval by the voters of Erie County in a referendum held on November 5, 2002.  LL 2-2002 was approved by voters at the November 5, 2002 general election.  Hence, the general election held on November 4, 2003 was based on the fifteen newly created districts and, as of January 1, 2004, Erie County has been equally apportioned based on the 2000 census.

On July 12, 2001, Janice Dunne and Donna Stempniak moved to intervene pursuant to Rule 26 of the Federal Rules of Civil Procedure, claiming that they have standing to be plaintiff-intervenors as residents of the then-inaccurately apportioned legislative districts — *viz.*, each live in a legislative district that, at the time, exceeded the mean population of an ideal sized district.  Dunne and Stempniak claimed that a broader range of plaintiffs will better serve the interests of the community in resolving the apportionment issues and creating a re-districting plan.[2]  Dunne and Stempniak sought to proceed as plaintiff-intervenors without filing an additional pleading.  On July 18, 2001, Hispanics for Fair and

---

[2]Dunne and Stempniak, in particular, sought to avoid splitting the towns and neighborhoods, which Korman allegedly had no interest in avoiding.

Equitable Reapportionment ("H-FERA") moved to intervene to, *inter alia*, prevent the fragmentation of the Hispanic community into various county legislative districts.  H-FERA, as such, added to Korman's pleading a claim that the Court develop a plan with the needs of the Hispanic community in mind.   The undersigned granted said motions to intervene on January 7, 2002.  David Dale, Esq. moved to intervene on April 29, 2002 claiming that he is seeking to safeguard the existence of his district.   Dale did not submit an additional pleading.   The undersigned granted Dale's motion to intervene on June 7, 2002.

Korman moved for summary judgment on April 12, 2002 arguing that Erie County had failed to comply with the Court's August 8, 2002 Order because such Order required the County to have legally enacted and in place a redistricting plan by March 15, 2002 and that the County had failed to do so because LL 2-2002 was subject to and contingent upon approval by the voters.  The Court, in its June 14, 2002 Order, clarified its August 8, 2001 Order and held that each of the seventeen Erie County Legislators elected in the November 2001 election would serve a full two-year term until December 31, 2003 and elections based on LL 2-2002 would be held in November 2003 based upon the fifteen districts and weighted voting will then terminate.  The undersigned noted that, if LL 2-2002 was disapproved by voters, a new redistricting plan would have to be enacted soon thereafter.  *Korman* v. *Giambra*, 2002 WL 1634165, at *2 (W.D.N.Y. 2002). The Court therefore denied plaintiff's motion for summary judgment.   Dale

appealed the Court's June 14, 2002 Order, which appeal the Second Circuit Court of Appeals dismissed on January 16, 2003 for failure to comply with its previously issued Scheduling Order.

On May 16, 2003, Dale moved for a stay of the implementation of the political calendar to permit an appeal of the Court's June 14, 2002 order and Korman filed a motion for attorney's fees. Dunne and Stempniak also moved for attorney's fees on June 25, 2003. The undersigned, on October 15, 2003, denied Dale's motion finding, *inter alia*, that Dale was essentially trying to appeal the Court's June 14, 2002 and August 8, 2001 Orders without showing why either Order should be modified. *Korman* v. *Giambra*, 2003 WL 23350130, at *2 (W.D.N.Y. 2003). In the same Order, the undersigned awarded attorney's fees to Korman, judging that he "was indeed a prevailing party inasmuch as his suit resulted in a judicially sanctioned material alteration of the legal relationship between the parties", while denying such to Dunne and Stempniak. *Id.* at *4-*5 (citation omitted).

On May 22, 2005, Korman, Dunne, Stempniak and H-FERA agreed by stipulation to discontinue their action and that the action as pursued by them would be dismissed with prejudice. As such, Dale is the only remaining plaintiff-intervenor.

Defendants, on June 27, 2005, moved for summary judgment claiming that (1) the case has been rendered moot because Erie County now is equally

apportioned and, as such, (2) Dale's case should be dismissed.  In response, Dale claims that defendants have failed to show that the reapportionment plan was validly executed and have failed to comply with his discovery demands.  It is Dale's burden, however, to show that there was a problem with the reapportionment plan.  *See Karcher* v. *Daggett*, 462 U.S. 725, 730-731 (1983) (holding that "[p]arties challenging apportionment legislation must bear the burden of proof" on whether the districts are equally apportioned); *City of New York* v. *U.S. Dep't of Commerce*, 34 F.3d 1114, 1130 (2d Cir. 1994) ("Once the plaintiff shows that a[n] [apportionment] scheme was not the product of a good-faith effort to achieve equality, 'the burden shift[s] to the [government]' ***.") (citations omitted).  Dale simply states that issues of fact exist as to whether the reapportionment plan is valid.  This is not sufficient to meet his burden.  Dale does not assert a constitutional violation or claim that the districts are improperly apportioned.  As such, no dispute exists as to whether the districts are equally apportioned and Dale's case must be dismissed.

Next, Dale claims that defendants have not responded to his discovery requests.  Defendants do not dispute this, but claim that Dale's discovery requests are not relevant to the current apportionment map.  Dale's discovery demands are in regard to the apportionment plan that is no longer valid and to the weighted voting scheme temporarily put into place pursuant to this Court's August 8, 2001 Order.  Neither plan, however, is currently in place.  It is clear by

the Court's October 17, 2003 Order that the Court remedied the constitutional violation alleged in Korman's petition — the only pleading filed in this action.  As such, the issues in the case have been resolved and any claim Dale may have as to the current apportionment scheme may be brought in a subsequent action.

Accordingly, it is hereby **ORDERED** that defendants' motion for summary judgment is granted, that Dale's claims are dismissed and that the Clerk of the Court shall close this case.

DATED:      Buffalo, N.Y.

February 17, 2006


_____/s/ John T. Elfvin_____
JOHN T. ELFVIN
S.U.S.D.J.